//

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

     Plaintiff,

V.

D-1, D'Angelo Ferguson,
D-2, Catherine Spidell-Ferguson,

     Defendants.

_____/

Case: 2:25−cr−20269
Assigned To : Michelson, Laurie J.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 4/17/2025
Description: IND USA V. SEALED
MATTER (MC)

Violations:
18 U.S.C. §§ 2, 1344, 1349

## **INDICTMENT**

THE GRAND JURY CHARGES:

## **GENERAL ALLEGATIONS**

At times relevant to this Indictment:

### Paycheck Protection Program

1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a

federal law enacted in or around March 2020 and designed to provide emergency

financial assistance to the millions of Americans who were suffering the economic

effects caused by the COVID-19 pandemic. One source of relief provided by the

CARES Act was the authorization of up to $349 billion in forgivable loans to small

businesses for job retention and certain other expenses, through a program referred

to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

2.      In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.

3.      In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan often provided documentation supporting their purported payroll expenses.

4.      A PPP loan application had to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were generally guaranteed by the Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

2

5.　　PPP loan proceeds were required to only be used by the business on certain permissible expenses—generally payroll costs, interest on mortgages, rent, utilities and other explained business expenses. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

The Defendants

6.　　Defendant D'Angelo Ferguson (FERGUSON) was a resident of the Eastern District of Michigan.

7.　　Defendant Catherine Spidell-Ferguson (SPIDELL-FERGUSON) was a resident of the Eastern District of Michigan.

Purpose of the Scheme and Artifice to Obtain

8.　　The purpose of the scheme and artifice to obtain was for the defendants to obtain money and enrich themselves by, among other things, inducing financial institutions, through materially false and fraudulent representations and pretenses, to issue improper PPP loans, and then diverting those loan proceeds to impermissible uses.

The Scheme and Artifice to Obtain

9.　　As part of the scheme and artifice to obtain, the defendants caused materially false and fraudulent representations to be made to financial institutions, including

3

materially false and fraudulent representations relating to the purported entitlement of various business entities to PPP loan assistance.  PPP loan assistance funds issued because of the materially false and fraudulent representations were then received by the defendants and used for impermissible purposes.

10.     As part of the scheme and artifice to obtain, the defendants caused:

      a. Misrepresentations to be made regarding purported payroll expenditures by various business entities;

      b. Misrepresentations to be made regarding the purported number of employees of various business entities;

      c. Misrepresentations to be made regarding the purported purpose of PPP loan requests for various business entities;

      d. False certifications to be made indicating that PPP loan proceeds would only be used for permissible business-related purposes;

      e. False certifications to be made indicating that various non-operational business entities were operational and that those entities paid employee salaries;

      f. Fictitious payroll records to be created and submitted to financial institutions;

      g. Fictious bank records to be created and submitted to financial institutions; and

h. Fictitious tax records to be created and submitted to financial institutions.

## COUNT ONE

### (18 U.S.C. § 1349 – Conspiracy to Commit Bank Fraud)

11.    The allegations in Paragraphs 1 – 10 are hereby realleged and incorporated by reference as though fully set forth herein.

12.    From at least in or around approximately March 2021, through at least in or around approximately February 2023, in the Eastern District of Michigan, and elsewhere, the defendants,

**D-1, D'Angelo Ferguson,**
**D-2, Catherin Spidell-Ferguson**

along with others known and unknown, did knowingly, intentionally, and voluntarily combine, conspire, confederate, and agree to commit certain offenses, that is,

a. to violate Title 18, United States Code, Section 1344(2), that is to knowingly execute a scheme and artifice to obtain moneys and funds under the custody and control of financial institutions whose deposits were insured by the National Credit Union Administration or the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises.

### Object of the Conspiracy

5

13.     The object of the conspiracy was the same as the purpose of the scheme and artifice to obtain set forth in Paragraph 8 of this Indictment, which is realleged and incorporated by reference as though fully set forth herein.

### Manner and Means of the Conspiracy

14.     In furtherance of this conspiracy, and to accomplish its object, the methods, manner, and means that were used are described in Paragraphs 9 and 10 of this Indictment and are realleged and incorporated by reference as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS TWO THROUGH FOUR

### (18 U.S.C. §§ 1344(2) and (2)—Bank Fraud)

15.     Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as though fully set forth herein

16.     On or about the dates specified as to each count below, in the Eastern District of Michigan and elsewhere, the defendants, as specified below, did knowingly execute a scheme and artifice to obtain moneys and funds under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises.

6

## Purpose of the Scheme and Artifice to Obtain

17.     The grand jury realleges and incorporates by reference Paragraph 8 of this Indictment as though fully set forth herein as a description of the purpose of the scheme and artifice.

## The Scheme and Artifice to Obtain

18.     The grand jury realleges and incorporates by reference Paragraphs 9 and 10 of this Indictment as though fully set forth herein as a description of the scheme and artifice.

## Execution of the Scheme and Artifice

19.     On or about the dates specified as to each count below, in the Eastern District of Michigan, and elsewhere, the defendants did execute, and cause the execution of, the aforesaid scheme and artifice to obtain monies and funds under the custody and control of the specified financial institutions, as that term is defined in Title 18, United States Code, Section 20:

7

| Count | Defendant(s) | Approximate Date | Financial Institution | Description of Execution |
|---|---|---|---|---|
| 2 | D'Angelo Ferguson  Catherine Spidell-Ferguson | March 2021 | Credit Union One | Submission of False and Fraudulent PPP Application and Supporting Documents for Titanium Transport LLC |
| 3 | D'Angelo Ferguson  Catherine Spidell-Ferguson | April 2021 | PNC Bank | Submission of False and Fraudulent PPP Application and Supporting Documents for Ferguson Logistics LLC |
| 4 | D'Angelo Ferguson | May 2021 | Credit Union One | Submission of False and Fraudulent PPP Application and Supporting Documents for Armani Express LLC |

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c), 18 U.S.C. 982(a)(2)

20. The allegations contained in Counts One through Four of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2).

21. As a result of the violation of 18 U.S.C. § 1349 as set forth in Count One of this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

22. As a result of the violations of 18 U.S.C. § 1344(2) and 2, as set forth in Counts Two through Four of this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of the offense.

23. **Money Judgment**: Such property further includes, but is not limited to, a money judgment in an amount to be determined, representing the proceeds the defendant obtained as a result of such violation.

24. **Substitute Assets**: Pursuant to 18 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), each defendant shall forfeit substitute property, up to the value of the properties identified for forfeiture, if, by any act or omission of the defendant: the properties identified for forfeiture cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have

9

been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

*s/ Grand Jury Foreperson*
GRAND JURY FOREPERSON

JULIE A. BECK
Acting United States Attorney

*s/ Ryan A. Particka*
Ryan A. Particka
Chief, White Collar Crime Unit

*s/ Andrew J. Yahkind*
ANDREW J. YAHKIND
Assistant U.S. Attorney

*s/ Carl D. Gilmer-Hill*
CARL D. GILMER-HILL
Assistant U.S. Attorney

Dated:  April 17, 2025

10

Case: 2:25-cr-20269
Assigned To : Michelson, Laurie J.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 4/17/2025
Description: IND USA V. SEALED
MATTER (MC)

**United States District Court**
**Eastern District of Michigan**

**Criminal Case Cove**

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes   ☒ No | AUSA's Initials: _CDGH_ |

Case Title: USA v. D-1, D'Angelo Ferguson, D-2, Catherine Spidell-Ferguson

County where offense occurred : Oakland

Check One:    ☒Felony            ☐Misdemeanor            ☐Petty

✓ Indictment/____ Information --- **no prior complaint.**
____ Indictment/____ Information --- based upon prior complaint **[Case number:**                    **]**
____ Indictment/____ Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: _____        Judge: _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

April 17, 2025                    s/Carl Gilmer-Hill
Date

Carl Gilmer-Hill
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9585
Fax:    313-226-2311
E-Mail address: carl.gilmer-hill@usdoj.gov
Attorney Bar #: CA 161939

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.